Agostin **VUKAJ**, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,** Respondent.

No. 06–2243–ag.

United States Court of Appeals, Second Circuit.

April 18, 2007.

Sam Gjoni, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Linda S. Wernery, Assistant Director, Debora Gerads, Trial Attorney, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN and Hon. RICHARD C. WESLEY, Circuit Judges.

## *SUMMARY ORDER*

Agostin Vukaj, a citizen of Albania, seeks review of an April 21, 2006 order of the BIA affirming the December 14, 2004 decision of Immigration Judge ("IJ") Paul A. DeFonzo denying Vukaj's claims for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In Re Agostin Vukaj*, No. A 95 462 530 (B.I.A. Apr. 21, 2006), *aff'g* No. A 95 462 530 (Immig. Ct. N.Y. City Dec. 14, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's

grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions—or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

■ Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding that an applicant failed to show either changed or extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, however, we retain jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). "Questions of law" include any issue traditionally reviewed by courts in habeas petitions challenging executive detentions. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 326–27 (2d Cir.2006). Here, we do not have jurisdiction to review the agency's decision that Vukaj's asylum application was untimely, because Vukaj's argument to the contrary is "essentially a quarrel about factfinding." *Id.* at 330. As such, we dismiss the petition for review as to Vukaj's asylum claim.

■ Even though we lack jurisdiction over Vukaj's asylum claim, we proceed to review the denial of his withholding of removal and CAT claims. *See id.* at 332 (stating that "eligibility for withholding of removal is not subject to 8 U.S.C. § 1158(a)(2)(B)'s one-year bar and, accordingly, must be considered by the BIA regardless of the timeliness of the initial asylum request"). Nevertheless, we deny the petition for review as to these claims, finding that the agency's adverse credibility determination was supported by substantial evidence. The IJ identified several inconsistencies in the record in making his adverse credibility determination. The IJ noted that: (1) Vukaj testified to having joined the youth forum in June 1998 and the Democratic Party ("DP") in June 2000, but his asylum application asserted that he joined the youth forum in July 1998 and the DP in July 2000; (2) Vukaj told the asylum officer that he joined the DP in July 2000, and not in June 2000, as he testified;[1] (3) Vukaj initially testified to voting at the national elections in April 2000, and only changed his testimony to October 2000 (when the elections occurred) when his attorney prodded; (4) Vukaj identified a document as his membership card for the youth forum, which he claimed to have joined in 1998, but the issue date on the card was July 2000, indicating his membership in the DP, and not the youth forum; (5) Vukaj testified that he performed no other activities for the DP aside from voting, but the letters from the DP and the Association of Ex–Politically Persecuted People in Albania asserted that he was actively involved in the elections; (6)

---

1. In making this finding, the IJ appears to have made a mistake when he said that Vukaj "indicated that he joined the DP and the youth forum in July of 1998 and 2000 respectively." The IJ should have stated that Vukaj claimed that he joined the youth forum in July 1998 and the DP in 2000. This error did not affect the IJ's conclusions, however, because the IJ was concerned not with whether Vukaj joined the DP before or after the youth forum, but with the month that he joined each of those organizations.

Vukaj testified that he received the medical certificate approximately one week after he was treated in October 2000, but the medical certificate is dated October 24, 2001; and (7) Vukaj testified that he was arrested, detained, and beaten in custody by the police from October 2 to October 5, but the medical certificate indicates that he was beaten on October 6 and 7.

The BIA noted that none of the inconsistencies the IJ identified, on their own, would support an adverse credibility finding. However, the BIA affirmed the IJ's adverse credibility determination because "the constellation of inconsistencies and contradictions described by the Immigration Judge lead us to agree that the respondent has not met his burden of proof to establish his eligibility of relief from removal." The BIA's conclusion was proper, because we have found that "even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, ... the cumulative effect may nevertheless be deemed consequential by the fact-finder." *Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006) (internal quotation marks and citation omitted); *see also Liang Chen v. U.S. Attorney Gen.,* 454 F.3d 103, 106–107 (2d Cir.2006) ("[A]n IJ need not consider the centrality vel non of each individual discrepancy or omission" and can instead "rely upon the cumulative impact of such inconsistencies, and may conduct an overall evaluation of testimony in light of its rationality or internal consistency and the manner in which it hangs together with other evidence." (internal quotation marks and citation omitted)).

■ Moreover, because the only evidence of a threat to Vukaj's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for relief under CAT. *See Paul v. Gonzales,* 444 F.3d 148, 157 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. The stay of removal that the Court previously granted in this petition is VACATED.